[Cite as *State v. Unsworth*, 2015-Ohio-3197.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-14-1238

     Appellee                               Trial Court No. CR200301510

v.

Chuckie T. Unsworth                        **DECISION AND JUDGMENT**

     Appellant                              Decided:  August 7, 2015

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Chuckie Unsworth, pro se.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Chuckie T. Unsworth, appeals from the October 23, 2014

judgment of the Lucas County Court of Common Pleas granting the summary judgment

of appellee, state of Ohio, and finding appellant's petition for postconviction relief not

well-taken.  Because we find the trial court did not err, we affirm.  On appeal, appellant asserts the following assignments of error:

Assignment of Error one:

TRIAL COURT ABUSED THEIR [sic] DISCRETION AND/OR CREATED AN [sic] MISCARRIAGE OF JUSTICE BY DENYING POST-CONVICTION WHICH STATUTORILY WARRANTED RELIEF AND/OR HEARING.

Assignment of Error two:

TRIAL COURT IMPROPERLY DENIED RELIEF AS UN-TIMELY.

Assignment of Error three:

COUNSEL AT TRIAL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO PROPERLY INVESTIGATE THE CASE AND MY INNOCENCE.

{¶ 2} Appellant was sentenced on June 6, 2003, following his conviction by a jury of one count of aggravated burglary, a violation of R.C. 2911.11(A)(1), and two counts of rape, in violation of R.C. 2907.02(A)(2).  Two different attorneys were appointed to represent appellant during the criminal proceedings.  Appointed counsel filed a motion in limine and requested a *Daubert* hearing (pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)) to exclude from evidence the results of genetic testing, arguing that the testing procedures were

2.

unreliable under Evid.R. 702(C). Appellant argued that the "extremely limited database utilized by Reliagene in calculating a statistical exclusionary number does not meet the threshold requirements of Ohio Evid.R. 702(C)." Appellee argued the reliability of Y chromosome DNA testing had been established through the scientific community literature presented to the court and the only issue that can be raised is the credibility of the DNA testing. Appellee also argued that the database size was limited in this case because the testing was limited to only the Y chromosome. The trial court denied the motion in limine on April 29, 2003. A Crim.R. 29 motion for acquittal made at the close of the prosecution's case was denied.

{¶ 3} At trial, the police officer, who took the victim's statement at the time of the crime, testified that the victim described her assailant as a white male with tanned or olive-colored skin. However, he acknowledged that in his report he had indicated that the victim described the perpetrator as possibly being Hispanic. At trial, the victim testified that she had told the police that the perpetrator had Hispanic features or was a man with a dark suntan. At trial, she identified appellant as the perpetrator. An expert for the prosecution testified that a partial left ring-fingerprint recovered from the point of entry window was a 14-point positive match to appellant's fingerprint. Another expert testified that a DNA sample tested consistent with appellant's or his paternal relative's DNA and inconsistent with 99.5 percent of all Caucasian males and all non-Caucasian males.

{¶ 4} Appellant was sentenced to the maximum sentence allowable, ten years imprisonment on each count to be served consecutively to each other and consecutive to

3.

appellant's sentence in another case. New counsel was appointed for purposes of filing an appeal from the judgment of conviction and sentencing, which was affirmed on appeal. *State v. Unsworth*, 6th Dist. Lucas Nos. L-03-1189 and L-04-1165 (Sept. 2, 2005), *review denied*, *State v. Unsworth*, 108 Ohio St.3d 1416, 2006-Ohio-179, 841 N.E.2d 320. In his direct appeal, appellant's appointed counsel filed an *Anders* brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and appellant filed his own brief. The following arguments were presented: 1) appellant's speedy trial rights were violated; 2) the sentence was supported by the record; and 3) appellant was denied his right to a fair trial because of ineffective assistance of counsel, prosecutor misconduct, violation of appellant's Miranda rights, and juror misconduct because they were allowed to ask questions. No assignment of error was raised regarding the reliability of the DNA testing evidence.

{¶ 5} Appellant moved for leave to file a motion for a new trial on March 25, 2009. At that time, he argued that a new trial was warranted because he has maintained his innocence and had obtained newly discovered evidence, US Y-str Database for DNA testing, which directly conflicted with the statistical evidence admitted by the prosecution, Y-short tandem repeat DNA (Y-str) evidence that all African-American and Hispanic populations could be excluded from possible contributors. Appellant argued that at the time of trial, this type of testing was a relatively new science and that the limited population statistical database was created by Reliagene Technologies and was the only available database in the United States. The 2003 DNA analysis indicated that

4.

the DNA recovered could be found in 1 out of 1,297 individuals, including 1out of 517 Caucasians, 0 out of 535 African-Americans, and 0 out of 245 Hispanics. Appellant argued the appellate court considered this evidence to be the weightiest of the evidence presented to support appellant's conviction. Our decision in the direct appeal did not, however, address the issue of the manifest weight of the evidence.

{¶ 6} Appellant argued in his motion that the newly discovered testing database included a larger population and that not all African-American and Hispanic males could be excluded as contributors. The December 31, 2007 DNA analysis indicated that the DNA recovered could be found in 8 of 13,906 individuals, 4 of 5,047 Caucasian males, 2 of 4,796 African-Americans, and 1 in 2,260 Hispanics. Furthermore, appellant argues the new evidence revealed that the haplotype in the recovered DNA occurred more rarely in African-Americans (1 in 2,398) and Hispanics (1 in 2,260) and was also rarer in Caucasian males (1 in 1,261 individuals) than the Reliagene Technologies test reported (1 in 517 individuals). The evidence attached to appellant's motion was not authenticated.

{¶ 7} Appellee opposed the motion for leave arguing that the new testing database, even if reliable, did not exclude appellant as a contributor to the DNA recovered, did not significantly favor appellant, and there was not a strong probability the new DNA testing results would alter the outcome of the trial in light of the victim's identification of appellant as the perpetrator and appellant's fingerprint found at the scene. The new evidence would, at most, impeach the testimony of appellee's expert admitted at trial,

5.

which is insufficient to warrant a new trial. *State v. Petro*, 148 Ohio St. 505, 76 N.E.2d 370 (1947).

{¶ 8} The trial court denied appellant's motion on July 9, 2009. The trial court found that the motion was untimely. Even though the court found that the DNA database was not available until January 2008, appellant had not presented any evidence why he waited an additional fifteen months before filing his motion for leave to file a motion for a new trial. Furthermore, the trial court found appellant failed to authenticate the newly discovered evidence, failed to demonstrate that the newly discovered evidence eliminated him as the possible perpetrator, and failed to show how the newly discovered evidence outweighed the other evidence (appellant's fingerprint at the point of entry to the home and the victim's identification of appellant as the perpetrator). Appellant appealed this judgment, which was affirmed on the ground that the new evidence had the potential to only impeach the state's expert witness and, therefore, was insufficient to support a motion for a new trial. *State v. Unsworth*, 6th Dist. Lucas Nos. L-09-1205 and L-09-1206, 2010-Ohio-398. The Ohio Supreme Court denied review. *State v. Unsworth*, 125 Ohio St.3d 1442, 2010-Ohio-2212, 927 N.E.2d 12.

{¶ 9} Appellant moved to correct his sentence and give him notice of the terms of postrelease control. The trial court resentenced appellant on September 14, 2011. Appellant sought an appeal from that judgment. This court affirmed the resentencing judgment on November 9, 2012. Again, appellant's appointed attorney filed an *Anders*

6.

brief and was granted leave to withdraw because an appeal would be wholly frivolous. *State v. Unsworth*, 6th Dist. Lucas Nos. L-11-1267 and L-11-1268, 2012-Ohio-5267.

{¶ 10} Appellant filed a "Petition to Vacate or Set Aside Judgment of Conviction or Sentence," his first postconviction relief petition, on September 14, 2011, arguing that newly discovered evidence (a 2007 DNA database) supported a claim of innocence, and his trial counsel rendered ineffective assistance by failing to properly investigate present obtainable evidence to support appellant's claim of innocence and an alibi. Appellant also attached a 2003 document included numerous other arguments, which he had submitted to another organization seeking assistance. Appellee moved to dismiss the petition or for summary judgment on October 20, 2011.

{¶ 11} The trial court granted appellee's motion for summary judgment on February 23, 2012, finding that there was no substantive ground for relief. First, the court found appellant had raised the same issue regarding the DNA database in his motion for leave to file a motion for new trial in March 2009, as discussed above. Second, the court found that the filing of the petition for postconviction relief was untimely because it was filed more than eight years after the transcript was filed in the direct appeal of his judgment of conviction and sentencing. At that time, a postconviction relief petition was required to be filed within 180 days after the trial transcript was filed in the direct appeal. Former R.C. 2953.21(A)(2). The court also found that neither of the exceptions to the time limit were asserted or supported. The court found appellant was not unavoidably preventing from discovering the facts that

7.

support his claim for relief. Third, the court found that the DNA issue was based on DNA testing that was conducted prior to the trial, not afterward and, therefore, R.C. 2953.21(A) was not applicable. Fourth, the court found the DNA issue was also specifically addressed in a pretrial hearing and overruled, the defense cross-examined the DNA witnesses, and the defense challenged the weight of the DNA evidence. Therefore, the trial court concluded that appellant had not presented a claim for relief permitted by R.C. 2953.21(A) and that he did not present any evidence that but for a constitutional error, no reasonable factfinder would have found appellant guilty.

{¶ 12} Appellant filed a second postconviction relief petition on August 14, 2014, again arguing that newly discovered evidence (a 2014 DNA database) supported a claim of innocence and his trial counsel rendered ineffective assistance by failing to properly investigate present obtainable evidence to support appellant's claim of innocence and an alibi. While appellant attached a 2014 DNA analysis, it was nearly identical to the 2007 DNA analysis. The 2014 DNA analysis results indicate that 15 out of 32,972 individuals would have matched the DNA sample, including 9 Caucasians, 2 African-Americans, and 1 Hispanic.

{¶ 13} On October 23, 2014, the trial court found appellant's petition was untimely; appellant was not unavoidably prevented from the discovery of the facts upon which he relied for his claim for relief; the claims raised were previously raised by appellant in his direct appeal or could have been raised in his direct appeal; the claim regarding the DNA evidence was previously raised in appellant's motion for leave to file

8.

a motion for a new trial in 2009; appellant's exhibits to his petition are unauthenticated and no evidence was presented to establish the relevancy of the exhibits; appellant's claims are barred from review under the doctrine of res judicata; and the petition has failed to reveal any issue rising to the level of a genuine issue as to material fact, substantial constitutional issue, or evidence which would undermine the conviction and sentence in this case. Appellant filed an appeal from this judgment.

{¶ 14} In his first assignment of error, appellant argues that the trial court abused its discretion when it denied his petition for postconviction relief, denied the petition without a hearing, granted appellee's motion for summary judgment, erred in its factual findings that the expert testified appellant's DNA was consistent with that of the perpetrator; and the doctrine of res judicata was not applicable because the DNA evidence he sought to present was outside the record. In his second assignment of error, appellant argues that the trial court improperly found that his petition was untimely because he demonstrated that he could file a late petition because he had been unavoidably prevented from discovering the 2014 DNA evidence and he demonstrated that the jury would not have found him guilty with his new 2014 DNA evidence. In his third assignment of error, appellant argues that his appointed trial counsel rendered ineffective assistance because he did not investigate the case and find the DNA test result which would have shown that appellant was not the perpetrator. All of appellant's assignments of error will be addressed together.

9.

**{¶ 15}** At the time appellant filed his second petition, the time limit for filing a petition for postconviction relief was 180 days after the date the trial transcript was filed in the court of appeals. Former R.C. 2953.21(A)(2), and *State v. Coleman*, 3d Dist. Allen No. 1-15-08, 2015-Ohio-1883, ¶ 13. A court may not entertain a petition filed after the expiration of this time limit or a second or successive petitions unless the court finds that both of the factors listed in R.C. 2953.23(A)(1) apply. Those factors are that:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

**{¶ 16}** The filing time limit requirement is jurisdictional. R.C. 2953.23(A). Therefore, if the petition has been untimely filed, the trial court cannot consider the

substantive merits of the petition and must summarily dismiss it without addressing the merits of the petition. *State v. Flower, III*, 7th Dist. Mahoning No. 14 MA 148, 2015-Ohio-2335, *2, and *State v. Rodriguez*, 6th Dist. Wood No. WD-14-075, 2015-Ohio-562, ¶ 6. On appeal, we review the trial court's decision as to whether an exception to R.C. 2953.21(A) applies under an abuse of discretion standard. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58 and *Rodriguez* at ¶ 7.

{¶ 17} Appellant raised the issue of the 2008 DNA evidence in 2009 and 2011. Each time, the trial court dismissed the issue in part on the ground that appellant had presented the issue untimely and could not explain why he waited so long after his discovery of the evidence to present it to the court.

{¶ 18} In the most recent petition, appellant again argues the 2014 DNA evidence supported a claim of innocence and his trial counsel rendered ineffective assistance. The trial court found this petition was untimely and appellant was not unavoidably prevented from the discovery of the facts upon which he relied for his claim for relief. We find that appellant has failed to demonstrate that the trial court abused its discretion. First, it is clear that appellant has raised this issue on two other occasions since January 2008 and, therefore, it can no longer be classified as "newly-discovered" evidence. Second, the trial court did not abuse its discretion by finding appellant failed to demonstrate no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted if the alleged constitutional error had not occurred. The conviction was supported by a victim's identification, a fingerprint at the point of entry, and even the

11.

2007 and 2014 DNA evidence does not exclude appellant from the group of possible perpetrators. Instead, the updated DNA analyses only affects the credibility of the 2003 DNA evidence. Because appellant has not demonstrated the 180-day time limit for filing a petition for postconviction relief must be extended, we find the trial court lacked jurisdiction to consider the petition and did not abuse its discretion by dismissing the petition. We find appellant's first, second, and third assignments of error are not well-taken.

{¶ 19} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

Stephen A. Yarbrough, P.J. _____

_____

James D. Jensen, J. _____
CONCUR.

JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.