[Cite as *State v. Guy*, 2016-Ohio-619.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                          Court of Appeals No. S-15-019

    Appellee                                      Trial Court No. 11 CR 215

v.

James D. Guy                                          **DECISION AND JUDGMENT**

    Appellant                                     Decided:  February 19, 2016

* * * * *

James D. Guy, pro se.

* * * * *

**YARBROUGH, J.**

## I.  Introduction

{¶ 1} Appellant, James Guy, appeals the judgment of the Sandusky County Court of Common Pleas, dismissing his petition for postconviction relief.  We affirm.

### A.  Facts and Procedural Background

{¶ 2} The underlying facts of this case were briefly summarized in our decision in *State v. Guy*, 6th Dist. Sandusky No. S-11-034, 2013-Ohio-7, as follows:

On March 18, 2011, appellant was indicted on four counts of felonious assault and two counts of attempted murder in connection with an incident that occurred on February 18, 2011, in which two men were stabbed outside a Clyde, Ohio, bar. On May 18, 2011, appellant entered a plea of guilty to two counts of felonious assault, second degree felonies, and the remaining counts were dismissed. Appellant was sentenced to eight years on each count to be served consecutively.

{¶ 3} On August 10, 2011, appellant timely appealed his convictions to this court, asserting four assignments of error relating to the trial court's imposition of consecutive sentences. On January 4, 2013, we affirmed appellant's convictions. *Id.* at ¶ 12. Appellant was represented on appeal by the same counsel that represented him during the trial court proceedings.

{¶ 4} On February 15, 2013, appellant, acting pro se, filed a notice of appeal with the Supreme Court of Ohio. In his memorandum in support of jurisdiction, appellant raised the same issues concerning the trial court's imposition of sentence that were asserted in his appeal to this court. Two months later, the Supreme Court declined to accept jurisdiction over the appeal.

{¶ 5} Almost one year after the Supreme Court dismissed appellant's appeal, appellant filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Ohio, Eastern Division. Once again, the issues raised in the petition were exclusively related to the trial court's imposition of consecutive sentences.

2.

Ultimately, the federal court dismissed appellant's petition on March 9, 2015. *Guy v. Kelly*, N.D.Ohio No. 3:14 CV 00792, 2015 WL 1036487 (Mar. 9, 2015).

{¶ 6} While appellant's habeas petition was pending before the federal court, he filed a pro se "Petition to Vacate or Set Aside Judgment of Conviction or Sentence." In his petition, appellant argued that he was entitled to postconviction relief based upon his trial counsel's ineffective assistance. More specifically, appellant asserted that his guilty plea was involuntary in that it was predicated upon his counsel's false advice that he could receive a sentence of life in prison if he was convicted of the charges contained in the indictment.[1]

{¶ 7} As a follow-up to his postconviction petition, appellant, on February 20, 2015, filed a motion to supplement the petition with an additional basis for postconviction relief, namely that the trial court violated his constitutional rights in accepting his guilty plea without complying with the mandates of Crim.R. 11. Three days later, the trial court ordered the state to file a response to appellant's petition and supplemental motion within 30 days. Thereafter, the state filed three separate requests to extend the deadline for its response. The court granted each of these motions, ultimately extending the deadline to April 29, 2015. Despite the extensions, the state did not file its response until April 30, 2015, at which time the state moved to dismiss appellant's postconviction petition as untimely filed.

---

[1] Notably, the indictment included two counts of attempted murder in violation of R.C. 2903.02 and 2923.02, felonies of the first degree, which were punishable by prison sentences of 15 years to life.

3.

**{¶ 8}** Because the state filed its response after the deadline set by the trial court, appellant moved the court to strike the state's response. Without ruling on appellant's motion to strike, the trial court, on May 29, 2015, issued its decision granting the state's motion to dismiss. In its decision, the trial court found that appellant's petition was filed outside the 365-day window under R.C. 2953.21(A)(2). Further, the court determined that appellant's petition failed on the merits. Appellant's timely appeal followed.

## B. Assignments of Error

**{¶ 9}** On appeal, appellant raises the following assignments of error:

First Assignment of Error: The trial court failed to make a ruling on Mr. Guy's motion to strike the [state's] motion to dismiss. The trial court abused their [discretion] when it made a ruling dismissing Guy's petition without [considering] his motion to strike, in violation of his due process rights to redress his claims in a court of law.

Second Assignment of Error: The trial court failed to issue a final-appealable order when they did not support their ([May] 29, 2015) judgment entry with both findings of fact and conclusions of law.

Third Assignment of Error: The trial court abused their [discretion] when they dismissed Mr. Guy's constitutional claim [number one].

[Fourth Assignment of Error:] The trial court abused their [discretion] when they dismissed Mr. Guy's constitutional claim [number two.]

Fifth Assignment of Error: The trial court abused their [discretion]

when they dismissed Mr. Guy's constitutional claim [number three.]

## II. Analysis

{¶ 10} In appellant's assignments of error, he asserts that the trial court erred in dismissing his petition for postconviction relief. He raises several arguments in support of his assignments of error. However, as a threshold matter, we must consider the timeliness of appellant's petition.

{¶ 11} Under R.C. 2953.21(A)(2), absent certain exceptions that are inapplicable in this case, a petition for postconviction relief must be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *." The filing time limit requirement is jurisdictional. R.C. 2953.23(A). "Therefore, if the petition has been untimely filed, the trial court cannot consider the substantive merits of the petition and must summarily dismiss it without addressing the merits of the petition." *State v. Unsworth*, 6th Dist. Lucas No. L-14-1238, 2015-Ohio-3197, ¶ 16.

{¶ 12} Here, appellant acknowledges that the trial transcript in his direct appeal was filed with this court on September 19, 2011. Therefore, his postconviction petition was untimely as it was not filed with the trial court until November 6, 2014, well beyond the 365-day period set forth in R.C. 2953.21(A)(2).

{¶ 13} Appellant attempts to avoid the dismissal of his postconviction petition on timeliness grounds by referencing the decision of the Sixth Circuit in *Gunner v. Welch*,

5.

749 F.3d 511 (6th Cir.2014). There, the Sixth Circuit determined that the federal district court erred in dismissing Gunner's habeas petition on procedural grounds. The district court's dismissal was predicated upon a finding that habeas relief was procedurally forfeited since Gunner failed to file a petition for postconviction relief in state court. *Id.* at 515. However, the Sixth Circuit excused Gunner's failure to file a postconviction petition because it found that Gunner's appellate counsel on direct appeal failed to inform him of the timetable for filing the petition under R.C. 2953.21, or notify him when the trial transcript was filed with the appellate court. *Id.* at 520. Consequently, the district court's dismissal of Gunner's habeas petition was reversed and the matter was remanded to the trial court for consideration of the petition on the merits. *Id.*

{¶ 14} Having examined appellant's timeliness argument in light of the Sixth Circuit's decision in *Gunner*, we remain unpersuaded that his postconviction petition was timely filed. We read the Sixth Circuit's holding in *Gunner* as allowing federal habeas petitions to go forward despite a defendant's failure to file a postconviction petition under the unique circumstances that were applicable in that case. We do not find *Gunner* relevant to our determination of whether an untimely postconviction petition should be accepted by Ohio courts where appellate counsel fails to inform the defendant of the 365-day time period under R.C. 2953.21(A)(2). In so finding, we are in agreement with the Eighth District's decision in *State v. Taylor*, 8th Dist. Cuyahoga No. 102020, 2015-Ohio-1314, wherein the court considered the Sixth Circuit's decision in *Gunner*, but found that its holding was limited to federal habeas claims. *Id.* at ¶ 14. The court went on to find

6.

that *Gunner* was in conflict with Ohio law to the extent that it could be read to create an exception to the time limit for filing postconviction petitions under R.C. 2953.21(A)(2). *Id.* at ¶ 15.

{¶ 15} Even if we were to extend the applicability of the exception set forth in *Gunner* to postconviction petitions, our finding that appellant's petition was untimely would remain. As noted above, we issued our decision in appellant's direct appeal on January 4, 2013. Appellant did not file his postconviction petition until November 6, 2014. Given the fact that appellant waited approximately 22 months after we affirmed his convictions to file his postconviction petition, we reject his argument that his untimely petition should be accepted based upon appellate counsel's failure to notify him when the trial transcript was filed with this court in his direct appeal. Appellant knew or should have known that the record was filed no later than the date we released our decision. Therefore, appellant's assertion that his appellate counsel's alleged shortcomings caused him to file his petition in an untimely fashion lacks credibility.

{¶ 16} Having concluded that appellant's petition for postconviction relief was untimely filed, we find that the trial court did not abuse its discretion in dismissing it. Further, because the petition was untimely filed, we are unable to reach the merits of the petition. *Unsworth*, 6th Dist. Lucas No. L-14-1238, 2015-Ohio-3197, at ¶ 16.

{¶ 17} Accordingly, appellant's assignments of error are not well-taken.

### III.  Conclusion

{¶ 18} In light of the foregoing, we affirm the judgment of the Sandusky County Court of Common Pleas.  Costs are hereby assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                  _____
JUDGE

Stephen A. Yarbrough, J.

_____

James D. Jensen, P.J.
CONCUR.
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.

8.