[Cite as *State v. McRae*, 2022-Ohio-2918.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO. 17-22-02

      v.

TROY DELANO MCRAE, JR.,             **O P I N I O N**

      DEFENDANT-APPELLANT.

Appeal from Shelby County Common Pleas Court
Trial Court No. 17CR000106

**Judgment Affirmed**

Date of Decision: August 22, 2022

APPEARANCES:

    *Troy D. McRae, Jr.,* **Appellant**

    *Timothy S. Sell* **for Appellee**

**MILLER, J.**

{¶1} Defendant-appellant, Troy D. McRae, Jr., appeals the January 12, 2022 judgment of the Shelby County Court of Common Pleas denying his petition for postconviction relief. For the reasons that follow, we affirm.

{¶2} We have previously recited much of the factual and procedural background of this case, and we will not duplicate those efforts here. *State v. McRae*, 3d Dist. Shelby No. 17-17-23, 2018-Ohio-3435, ¶ 1-5. Relevant to this appeal, on March 30, 2017, the Shelby County Grand Jury indicted McRae on one count of aggravated murder in violation of R.C. 2903.01(B). *Id.* at ¶ 2. The indictment also included a specification that McRae was a repeat-violent offender. *Id.*

{¶3} At the conclusion of a jury trial that commenced on September 11, 2017, McRae was found guilty of aggravated murder and the repeat-violent-offender specification. *Id.* at 5. At a sentencing hearing held on November 7, 2017, McRae was sentenced to 10 years in prison for the repeat-violent-offender specification to be served consecutively to 30 years to life in prison for the aggravated-murder conviction. *Id.*

{¶4} McRae filed a direct appeal where he raised four assignments of error. On August 27, 2018, this court overruled his assignments of error and affirmed his conviction and sentence. *Id.*

{¶5} On November 2, 2021, McRae filed a motion styled "Petition to Vacate or Set Aside Sentence." In this petition for postconviction relief, McRae argued that he was denied due process due to an alleged defect in the criminal complaint originally filed against him in the Sidney Municipal Court. McRae also argued that the execution of the arrest warrant issued as a result of the complaint violated his Fourth Amendment rights. On December 14, 2021, the State filed its response in opposition to McRae's petition for postconviction relief. On December 20, 2021, McRae filed "objections" to the State's response to his petition for postconviction relief.

{¶6} On January 12, 2022, the trial court filed its decision denying McRae's petition for postconviction relief and several other requests. With respect to McRae's petition for postconviction relief, the trial court found that his petition was untimely and that the issues McRae raised were barred by res judicata.

{¶7} McRae filed a notice of appeal on February 10, 2022. He raises two assignments of error for our review, which we address together.

**Assignment of Error No. I**

**The trial court errored [sic] in denying Defendant's Post-Conviction Petition to Vacate or Set Aside Sentence, due to the trial court's lack of subject-matter jurisdiction.**

**Assignment of Error No. II**

**The trial court errored [sic] in the illegal search and seizure of the Defendant.**

-3-

{¶8} McRae's assignments of error both allege that the trial court erred by denying his petition for postconviction relief without a hearing. In his first assignment of error, McRae argues that the trial court erred by denying his petition for postconviction relief because his conviction and sentence are void. McRae contends that an alleged defect in the complaint, namely that the charging officer's signature was not made under oath, divested the trial court of subject-matter jurisdiction to decide McRae's case. In the second assignment of error, McRae argues that the trial court erred by denying his petition for postconviction relief because his Fourth Amendment rights were violated due to the arrest warrant being issued pursuant to the allegedly defective complaint.

{¶9} "R.C. 2953.21 governs petitions for postconviction relief." *State v. Wine*, 3d Dist. Auglaize No. 2-15-07, 2015-Ohio-4726, ¶ 10. The statute sets forth who may petition for postconviction relief and provides that: "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" "may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." R.C. 2953.21(A)(1)(a). The statute sets forth the time

requirements for filing a petition for postconviction relief, and provides, in relevant part,

> a petition under division (A)(1)(a)(i), (ii), or (iii) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *.

R.C. 2953.21(A)(2). "'A trial court lacks jurisdiction to entertain an untimely or successive petition for postconviction relief unless the petitioner establishes that one of the exceptions in R.C. 2953.23(A) applies.'" *State v. Cunningham*, 3d Dist. Allen No. 1-15-61, 2016-Ohio-3106, ¶ 13, quoting *State v. Chavis*, 10th Dist. Franklin No. 15AP-557, 2015-Ohio-5549, ¶ 14. "Therefore, if the petition has been untimely filed, the trial court cannot consider the substantive merits of the petition and must summarily dismiss it without addressing the merits of the petition." *State v. Unsworth*, 6th Dist. Lucas No. L-14-1238, 2015-Ohio-3197, ¶ 16, citing *State v. Flower*, 7th Dist. Mahoning No. 14 MA 148, 2015-Ohio-2335, ¶ 12 and *State v. Rodriquez*, 6th Dist. Wood No. WD-14-075, 2015-Ohio-562, ¶ 6.

{¶10} However, as indicated, an exception to the jurisdictional time limit is contained in R.C. 2953.23(A), which states as follows:

> (A) Whether a hearing is or is not held on a petition filed pursuant to [R.C. 2953.21] a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.51 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in [R.C. 2953.74(D)], and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense * * *.

**{¶11}** Once a court has determined that a petition is untimely and no exception applies, no further inquiry into the merits of the case is necessary. *See State v. Morgan*, 3d Dist. Shelby No. 17-04-11, 2005-Ohio-427, ¶ 6, citing *State v. Beaver*, 131 Ohio App.3d 458 (11th Dist.1998). Trial courts should dismiss untimely postconviction petitions for lack of jurisdiction; nevertheless, a trial court does not commit reversible error by denying an untimely postconviction petition. *State v. Hatfield*, 10th Dist. Franklin No. 07AP-784, 2008-Ohio-1377, ¶ 8. The trial court determined that McRae failed to establish an exception to the statutory time

limit, and we review that decision under an abuse of discretion standard. *State v. Allen*, 6th Dist. Lucas No. L-17-1085, 2017-Ohio-7976, ¶ 10, citing *Unsworth*, 2015-Ohio-3197, at ¶ 16 and *Rodriguez*, 2015-Ohio-562, at ¶ 7.

**{¶12}** Here, the trial transcript was filed in this court on February 9, 2018. Accordingly, his petition for postconviction relief, which did not allege that one or both of the exceptions to the statutory time limit were met, was untimely.

**{¶13}** However, in his first assignment of error, McRae attempts to circumvent the statutory time restrictions by arguing that the trial court lacked subject-matter jurisdiction to decide his case. Specifically, McRae contends that his conviction and sentence are void due to an alleged defect in the complaint, namely that the signature of the charging officer was not made under oath. McRae argues that the alleged defect divested the trial court of subject-matter jurisdiction and, as a result, his conviction and sentence are void.

**{¶14}** Ohio common pleas courts have "original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." R.C. 2931.03; *State v. Mitchell*, 5th Dist. Guernsey No. 07 CA 17, 2008-Ohio-101, ¶ 32. Accordingly, a common pleas court has subject-matter jurisdiction over felony cases. *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, ¶ 8. R.C. 2901.11(A) provides, "A person is subject to criminal prosecution and punishment in this state if * * * [t]he

person commits an offense under the laws of this state, any element of which takes place in this state."

**{¶15}** The Supreme Court of Ohio recently realigned its jurisprudence regarding void and voidable sentencing and held that "[a] judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant." *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, ¶ 43. "This distinction is noteworthy because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case; being so important that it can never be waived." *State v. Britford*, 10th Dist. Franklin No. 19AP-631, 2020-Ohio-4659, ¶ 16. Because "'"the question [of] whether a court of common pleas possesses subject-matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law,"'" an appellate court applies a de novo standard of review to the trial court's determination." *State v. Conway*, 10th Dist. Franklin No. 17AP-90, 2019-Ohio-382, ¶ 8, quoting *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 24, quoting *State v. Kane*, 10th Dist. Franklin No. 16AP-781, 2017-Ohio-7838, ¶ 9.

**{¶16}** "The filing of a valid complaint is a necessary prerequisite to a court's acquisition of jurisdiction." *State v. Williams*, 12th Dist. Butler No. CA2014-06-144, 2015-Ohio-1090, ¶ 8, citing *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, ¶ 12. However, in a felony case, an accused is not tried upon the affidavit

filed against him, but rather on the indictment by the grand jury. *Williams* at ¶ 8, citing *Foston v. Maxwell*, 177 Ohio St. 74, 76 (1964).

**{¶17}** Here, McRae was not charged with, let alone convicted on, a complaint. Rather, he was tried and convicted on the indictment issued on March 30, 2017 by the Shelby County Grand Jury. Consequently, McRae's indictment gave the trial court subject-matter jurisdiction over the case. *Williams* at ¶ 9. Thus, in light of the indictment, any alleged defects in the complaint would be irrelevant and harmless to McRae's conviction and would not divest the trial court of subject-matter jurisdiction. *See e.g.*, *State v. Rogers*, 10th Dist. Franklin No. 17AP-610, 2018-Ohio-1073, ¶ 13-14 ("the issuance of a grand jury indictment renders any defect in the complaint or warrant moot" and "[b]ecause the indictment was not defective, appellant's claim that the trial court lacked subject-matter jurisdiction is without merit"); *State v. Holland*, 5th Dist. Licking No. 13-CA-53, 2013-Ohio-4136, ¶ 13 ("Upon appellant's indictment by the grand jury, he was properly within the subject matter jurisdiction of the court of common pleas"). Therefore, we find the Shelby County Court of Common Pleas had subject-matter jurisdiction over this case.

**{¶18}** Moreover, because the Shelby County Court of Common Pleas had subject-matter jurisdiction and McRae failed to establish that the R.C. 2953.23(A) exceptions apply, McRae's first and second assignments of error, which allege a

defect in the complaint and the warrant issued pursuant to the complaint, are untimely.

**{¶19}** Furthermore, the trial court dismissed McRae's petition after concluding, in part, that it was barred by the doctrine of res judicata. "Although a defendant may challenge his conviction and sentence by either a direct appeal or a petition for postconviction relief, any claims raised in a postconviction relief petition will be barred by res judicata where the claim was or could have been raised on direct appeal." *State v. Schwieterman*, 3d Dist. Mercer No. 10-09-12, 2010-Ohio-102, ¶ 23. "'[U]nder the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant * * * on an appeal from that judgment.*'" (Emphasis sic.) *State v. Troglin*, 3d Dist. Union No. 14-09-04, 2009-Ohio-5276, ¶ 13, quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. The doctrine "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18, citing *State ex rel. Willys-Overland Co. v. Clark*, 112 Ohio St. 263, 268 (1925). Thus, the doctrine of res judicata bars all claims except those that were not available at trial or on

appeal because they are based on evidence outside the record. *See State v. Jones*, 3d Dist. Defiance No. 4-07-02, 2007-Ohio-5624, ¶ 19.

**{¶20}** Here, McRae could have raised alleged jurisdictional defects resulting from the defective complaint at trial or on direct appeal, but he did not. Accordingly, any such claims are barred by res judicata. Furthermore, the arguments that McRae raises in his second assignment of error which allege that he was "illegally searched and seized under a defective warrant upon complaint" are the same issues raised in McRae's motion to suppress. (Appellant's Brief at 10). The trial court's decision on McRae's suppression motion was raised in McRae's first assignment of error in this direct appeal, and we already determined that McRae's arguments relating thereto were without merit. *McRae*, 2018-Ohio-3435, at ¶ 6-12. Here, McRae has provided us with no additional evidence or information outside the record to support his arguments. Thus, McRae's assignments of error are also barred by the doctrine of res judicata.

**{¶21}** Accordingly, the trial court did not err by determining that McRae's petition for postconviction relief was untimely and barred by res judicata.

**{¶22}** McRae's first and second assignments of error are overruled.

**{¶23}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Shelby County Court of Common Pleas.

*Judgment Affirmed*

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**